IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60427
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY LONGINO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:00-CR-163-ALL

_____

November 1, 2001

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Stanley Longino appeals his conviction for being a felon in possession of a

firearm in violation of 18 U.S.C. § 922(g)(1). Longino asserts that: (1) in light of

testimony by a Government witness indicating that his prior felony conviction order

had been amended, the evidence was insufficient to show that he was a convicted

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon; and (2) the district court erred in overruling his objection to the introduction of the prior felony conviction order on the ground that it had been amended.

Viewed in the light most favorable to the Government,[1] the testimony regarding the amended order indicated that Longino's original order of conviction was amended to reflect that he had earned probation by successfully completing the Regimented Inmate Discipline Program. That testimony did not negate the value of the original order as evidence that Longino had been convicted of a felony offense. Accordingly, Longino's challenge to the sufficiency of the evidence is without merit.

Longino has not briefed, and therefore has abandoned, his assertion that the district court erred in overruling his objection to the introduction of the original felony conviction order on the ground that it had been amended.[2]

The district court's judgment is AFFIRMED.

---

[1]United States v. Ortega Reyna, 148 F.3d 540 (5th Cir. 1998).

[2]Fed. R. App. P. 28(a)(9); Yohey v. Collins, 985 F.2d 222 (5th Cir. 1993).